*108 Concurring Opinion by
Hoffman, J.:
I concur in the holding of the majority that there was no prejudice to appellant by permitting the presence of spectators at his “Jackson” hearing.
I cannot agree with the court’s holding, however, that such a procedure is permissible under Pa. ft. Crim. P. No. 323. The majority opinion relies on the statement in subsection (c)(1) of the rule which provides that the court may conduct such hearings “at trial”. It ignores, however, the specific directive of the subsection (c)(3) that the judge “Hold a hearing in the presence of only the defendant, counsel for the parties, court officers and necessary witnesses. . . .”
The majority’s implication that this subsection was designed to exclude only the jury, and was not a directive to conduct a hearing closed to the general public, is refuted by subsection (c)(5) of the Rule directing that the judge “Enter an order impounding the record and prohibiting the disclosure of the nature and purpose of the hearing or the judge’s order to anyone except the court, the defendant and counsel for the parties.”
The language of the rule, therefore, clearly excludes all but a limited few from attending the “Jackson” hearing. We should not subvert the obvious intent of the rule by engrafting onto it an interpretation which is directly contrary to its clear language.